### UNITED STATES TRUST CO. *v.* MUTUAL BEN. LIFE INS. CO.

*(Superior Court of New York City, General Term.*   January 7, 1889.)

INSURANCE—PROOF AND PAYMENT OF LOSS—BENEFICIARIES.

An insurance policy on the life of the husband was payable to the wife, if living, and, if dead, to such of his children as were then living, and to such of the children of his deceased children as should then be living.   *Held,* that the estate of a child who died during the life of the husband, leaving no children, was not entitled to share in the fund, though such child died after the death of the wife.   The death of the husband, and not that of his wife, fixed the rights of the beneficiaries.

Appeal from special term.

Action by the United States Trust Company of New York as general guardian against the Mutual Benefit Insurance Company on an insurance policy. In overruling a demurrer, the special term delivered the following opinion: "The demurrer in this case is not sustained.   By the terms and legal effect of the policy of insurance on the life of Archibald T. Finn the amount of the insurance was payable to his wife, if living, and, if dead, to such of his children as were then living, and to such of the children of his deceased children as should be then living.   These children of the deceased children of Mr. Finn were entitled to the share to which their parents were entitled.   *Hull* v. *Hull,* 62 How. Pr. 100.   Mrs. Finn, the wife of Archibald Finn, died in 1864; Archibald Finn, her husband, died in March, 1885.   At the time of his death only one of his children was living, Caroline Finn, and there were then also living Christine Anthon, Archibald F. Anthon, and George C. Anthon, children of Katherine, a deceased daughter.   These were the only persons entitled to share in the policy.   Myretta Miles, another daughter of Archibald Finn and his wife, also died before him without leaving any children, and her husband took out letters of administration on her estate.   The insurance company paid to Charles Miles, the said administrator of his deceased wife, one-third of the amount of his policy.   This payment was unauthorized and illegal, and unlawfully reduced the amount properly payable to Archibald F. Anthon and George C. Anthon, grandchildren of the deceased, Archibald Finn, living at his death.   The plaintiff, as their guardian, brings this action to recover the full amount to which they are entitled, giving due credit for any amounts that they have heretofore received.   The plaintiff has a clear right to do so.   The demurrer on all the grounds stated is overruled."

Whereupon the defendant's attorney filed a motion for rehearing, supported by an affidavit, in which he stated, *inter alia,* "that from an examination of the said opinion he is of the opinion that the learned judge, in making the same, based it upon a misconception of the facts in the case as set forth in the

complaint herein, as to the existence of the grandchildren of Mrs. Finn, and assumed that the said grandchildren for whose benefit this action is brought were living at the time of the death of Mrs. Finn, in 1864, for whose benefit the said policy was primarily written, while in fact they were then unborn, and their mother was then living, and entitled to her share or interest in the policy; that in deponent's opinion the facts as they exist in this case, and are set out in the complaint, remove it entirely from the force of the decision of *Hull* v. *Hull*, referred to in his honor's opinion."

In overruling the motion, the special term delivered the following opinion: "At the earnest request of the learned counsel for the defendant, I have consented to a rehearing and reconsideration of the argument upon the demurrer herein, and have arrived at the following conclusions: The defendant claims that the *status*, rights, and interests of the beneficiaries in the insurance were fixed definitely on the death of the wife of Finn, the *cestui que vie*, and that Mrs. Miles, one of the daughters living at the time of the death of her mother, then acquired a vested interest in one-third of the amount secured by the policy; that on her death subsequently, but before the death of Finn, the *cestui que vie*, that interest vested in the administrator, and was properly paid to him by the defendant. On the other hand, it is contended on behalf of the children of Katherine Anthon that the interest of Mrs. Miles was not definitely fixed until the death of the *cestui que vie*, and that, she having previously died without leaving children or grandchildren, her administrator had no right to any share of the money payable on the death of the *cestui que vie*. I am still of the opinion that the latter is correct. The intention of the insurance was to provide for the wife and children of the *cestui que vie* during their lives, and for the use and benefit of them only. It looks to a provision for a state of widowhood and for orphan children. *Barry* v. *Society*, 59 N. Y. 587, 593; *Eadie* v. *Slimmon*, 26 N. Y. 18; *Olmsted* v. *Keyes*, 85 N. Y. 593; *Brummer* v. *Cohn*, 86 N. Y. 11, 16, 17; *Smillie* v. *Quinn*, 90 N. Y. 492, 496; *Whitehead* v. *Insurance Co.*, 102 N. Y. 143, 152, 6 N. E. Rep. 267. The interest which vested in Mrs. Miles on the death of her mother was then only inchoate and uncertain. It could not become complete, certain, or available until the death of the *cestui que vie*. If she was then living her interest would have matured and become certain, and a chose in action in her favor, or, if she had then died, leaving a child or grandchild, her interest would have matured and become certain and available in their favor. But, she having died before the *cestui que vie*, her inchoate interest never matured in her favor, and, having left neither child nor grandchild, there was no one in whose behalf her said inchoate interest could mature and become available. Thus her administrator took nothing, and the payment to him by the defendant was without authority of law. I am not insensible to the force of the arguments presented to me on behalf of the defendant. The cases cited, however, are not so similar in their essential facts to the case at bar as to afford me any sufficient guidance. The conclusion to which I have arrived seems to me more in harmony with the purpose and intent of the law, as well as of the *cestui que vie*, than that for which the defense contends. In my opinion that intent was to provide support for a living wife or living children or grandchildren, and the persons entitled to share in the fund were only such as should occupy either of these positions at the time of the death of the *cestui que vie*, at which time alone the distribution should be made. I adhere to the opinion heretofore expressed by me." Defendant appeals.

Argued before SEDGWICK, C. J., and TRUAX and INGRAHAM, JJ.

*G. G. Frelinghuysen*, for appellant. *Stewart & Sheldon*, for respondent.

PER CURIAM. The order and judgment are affirmed, with costs on the opinion of the special term, with leave to the appellant to withdraw demurrer, and answer on payment of costs.